■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BYER, Appellant. [931 NYS2d 619]—

Although the court made several erroneous evidentiary rulings, the evidence of defendant's guilt was so overwhelming that these errors were harmless. Initially, we note that defendant's constitutional claims are unpreserved and without merit, and that the standard relating to nonconstitutional harmless error applies (*see People v Kello*, 96 NY2d 740, 743-744 [2001]).

When defendant confessed to a detective, he volunteered that this was not his first "body," and that there had been nine others. The court concluded that these remarks tended to refute defendant's claim that his confession had been coerced, because they showed that defendant was in control of the information he chose to provide. While this evidence had some relevance for that purpose, its probative value was far outweighed by its potential for prejudice. Accordingly, these remarks should have been redacted.

However, there is no reasonable probability that this error contributed to the conviction. In detailed oral, written and videotaped confessions, defendant described how he became enraged at the victim, stabbed her to death, and dismembered and disposed of her body. Moreover, defendant's trial testimony was more inculpatory than exculpatory. He testified that he dismembered and disposed of the body, but that he was not the killer. His explanation for this behavior was utterly implausible and had no hope of convincing the jury.

The court also improperly admitted hearsay declarations by several persons. These declarations did not qualify under any hearsay exception, and since their relevance depended on their being true, they were not admissible under the theory that they were not received for their truth. However, the errors were likewise harmless. The hearsay declarations added little or nothing to the already overwhelming evidence of guilt. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.